IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,
  v.

PAUL LYNCH, C/O CHAUSE, L. BAKER,
JOAN M. HANNULA, BECHER,
MATT ZIMMERMAN, ANDREW B. ROSS,
and JOSEPH R. DEMARTINI,

                Defendants.

ORDER

18-cv-130-jdp

---

      Plaintiff Michael Terrell, a former state of Wisconsin prisoner, alleges that while he was incarcerated at the Stanley Correctional Institution, he was forced to perform labor despite being disabled, and after he harmed himself he received inadequate medical care that ultimately resulted in his kneecap being surgically removed without his approval. I previously granted him leave to proceed on Eighth Amendment or due process claims against most of the defendants named in the complaint. But I concluded that his allegations against two defendants were too vague to support claims.

      Terrell alleged that defendant Health Services Unit supervisors L. Baker and Becher "delayed adequate treatment by sending [Terrell] to a specialist." Dkt. 1, at 4. I stated that it was unclear what Terrell meant by that allegation, because although undue delay could violate the Eighth Amendment, sending a patient to a specialist usually shows that the defendant is not acting with deliberate indifference to the patient's medical need. Dkt. 9, at 6. I gave Terrell a chance to amend his complaint by supplementing his allegations against Baker and Becher to better explain how these defendants violated his rights. *Id.*

Terrell has responded to the order by submitting a copy of the court's order screening his complaint, along with more than 100 pages of documents, mostly medical records and prison health service requests. *See* Dkt. 11. He does not submit a document titled as a proposed supplement to his complaint. But I cannot sift through a stack of documents to figure out what his claims against Baker and Becher might be; he has to tell me what those claims are by filing a supplement to the complaint. I will give him one final chance to do so. He should draft his supplement as if he were telling a story to people who know nothing about his situation. He should simply state what Baker and Becher did that he believes violated his rights. More specifically, he should explain what he means when he said that they delayed adequate treatment by sending him to a specialist.

If Terrell fails to submit a supplement or he files another inadequate response, I will dismiss Baker and Becher from the lawsuit.

ORDER

IT IS ORDERED that Plaintiff Michael Terrell may have until September 14, 2018, to supplement his allegations against defendants Baker and Becher.

Entered August 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge