IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,
v.

                                                           ORDER

PAUL LYNCH, C/O CHAUSE, L. BAKER,
JOAN M. HANNULA, BECHER,                         18-cv-130-jdp
MATT ZIMMERMAN, ANDREW B. ROSS,
and JOSEPH R. DEMARTINI,

                Defendants.

---

Plaintiff Michael Terrell, a former state of Wisconsin prisoner, alleges that while he was incarcerated at the Stanley Correctional Institution, he was forced to perform labor despite being disabled, and after he harmed himself he received inadequate medical care that ultimately resulted in his kneecap being surgically removed without his approval.

Terrell alleged that defendant Health Services Unit supervisors L. Baker and Becher "delayed adequate treatment by sending [Terrell] to a specialist." Dkt. 1, at 4. I stated that it was unclear what Terrell meant by that allegation, because although undue delay could violate the Eighth Amendment, sending a patient to a specialist usually shows that the defendant is not acting with deliberate indifference to the patient's medical need. Dkt. 9, at 6. I gave Terrell a chance to amend his complaint by supplementing his allegations against Baker and Becher to better explain how these defendants violated his rights. *Id.* Terrell responded by filing a stack of documents totaling more than 100 pages. *See* Dkt. 11. I told Terrell that he could not amend his complaint with those documents, and I gave him a final chance to supplement his complaint regarding defendants Baker and Becher. Dkt. 19.

Terrell has now filed a supplement in which he states that defendant Becher would not "approve [his] incident reports" or "fulfill [his] complaints." Dkt. 21. She would not authorize the surgery he needed for his knee or do anything to treat his injured leg. *Id.* These allegations are sufficient to state Eighth Amendment medical care claims against Becher. Terrell does not include any allegations against defendant Baker, so I will dismiss Baker from the case.

Terrell has filed two other documents clarifying his allegations about the corticosteroid treatment he received. Dkt. 24 and Dkt. 25. I previously allowed him to proceed on a claim against defendant Nurse Matt Zimmerman for countermanding then-defendant Dr. Scott Bassuener's order for a corticosteroid injection; Terrell appeared to be alleging that Zimmerman gave Terrell a larger-than-ordered dose of the steroid. *See* Dkt. 9, at 5. But now Terrell states that he does not wish to bring a claim against Zimmerman. Dkt. 25. Instead, Terrell wishes to sue Bassuener for prescribing a series of ten corticosteroid shots that left his knee "full of fluids" and "[feeling] like mush." Dkt. 24. I will dismiss Zimmerman from the case. Because Terrell says that Bassuener "neglectfully" treated him "in a wrong manner," *id.*, I will allow Terrell to proceed on a Wisconsin-law medical malpractice claim against Bassuener.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Terrell is GRANTED leave to proceed on the following clams:

    - Eighth Amendment claims against defendants Lynch, Chause, Hannula, Ross, Demartini, and Becher.

    - Due process claims against defendants Ross and Demartini.

    - A Wisconsin-law medical malpractice claim against defendant Bassuener.

2. Defendants Baker and Zimmerman are DISMISSED from the case.

3. The Department of Justice may have 21 days to inform plaintiff and the court whether it accepts service on behalf of defendant Becher.

4. The clerk of court is directed to forward a summons, the complaint, Dkt. 6, and supplements to the complaint, Dkt. 21 and Dkt. 24, to the United States Marshal for service on defendant Bassuener.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge