IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,

  v.

PAUL LYNCH, ROBERT CHAUSE,
JOAN M. HANNULA, LON BECHER,
SCOTT R. BASSUENER, ANDREW B. ROSS,
JOSEPH R. DEMARTINI, DR. DAN WOLBRINK,
and DR. BAER,

                Defendants.

OPINION and ORDER

18-cv-130-jdp

---

Pro se plaintiff and former prisoner Michael Terrell alleges that while he was incarcerated at the Stanley Correctional Institution, he was forced to perform hard physical labor despite being disabled. He also alleges that after he harmed himself, he received inadequate medical care that ultimately resulted in his kneecap being surgically removed without his consent. He is proceeding on claims under the Eighth Amendment, Fourteenth Amendment, and Wisconsin law.

Three motions are before the court. First, a subset of the state defendants—Paul Lynch, Robert Chause, and Joan Hannula—filed a motion for summary judgment on the ground that Terrell failed to exhaust his administrative remedies for his claims against them. Dkt. 35.[1] These defendants have shown that Terrell failed to exhaust his administrative remedies for his claims against them, so I will grant the motion.

---

[1] Defendants also moved for summary on exhaustion grounds as to Terrell's claims against defendant Lon Becher, but they withdrew their request for summary judgment as to Becher in their reply brief. Dkt. 42.

Second, Terrell filed a motion to add claims against two new defendants who were involved in his medical treatment. Dkt. 40. I will grant that motion.

Third, Terrell filed a motion requesting assistance in obtaining his medical records from UW Hospital. I will grant that motion as well.

ANALYSIS

A.  Exhaustion

Under the Prison Litigation Reform Act, prisoners must exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with 1997e(a), a prisoner must take each step within the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The state defendants contend that Terrell failed to exhaust his administrative remedies as to his claims that: (1) Lynch and Chause violated his Eighth Amendment rights by making

2

him sleep on a top bunk despite knowing about his medical problems; (2) Lynch violated his Eighth Amendment rights by forcing him to work as a cart pusher despite knowing that his medical conditions made it extremely difficult for him to perform such work; and (3) Hannula did not excuse him from work despite knowing that he had a serious injury.

Defendants have submitted evidence showing that Terrell did not file any inmate complaint regarding the top bunk issue, as required by Wis. Admin. Code. DOC § 310.07. *See* Dkt. 37-1 (Terrell's inmate complaint history report). Terrell has not submitted contrary evidence showing that he did file an inmate complaint about being forced to sleep on the top bunk, so I will dismiss that claim for Terrell's failure to exhaust his administrative remedies.

Terrell filed an inmate complaint relating to his claim that Lynch forced him to work as a cart pusher, but the complaint was rejected by the prison inmate complaint examiner as untimely. Dkt. 37-2 at 2. Under Wis. Admin. Code DOC § 310.07, an inmate must file a complaint within 14 days after the occurrence giving rise to the complaint. Terrell was hired as a cart pusher in January 2015, and was removed from the position on April 8, 2015. But he did not file his inmate complaint until May 18, 2015. Because Terrell filed his inmate complaint more than 14 days after his removal from the position, Terrell failed to file his complaint "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. Therefore, I will dismiss his claim against Lynch regarding the cart pusher position for Terrell's failure to exhaust his administrative remedies.

Terrell did not file any inmate complaint alleging that defendant Hannula, or anyone else, failed to excuse him from work despite knowing that he had a serious injury. Defendants' evidence shows that Terrell filed several inmate complaints about Hannula and about the medical treatment he had received for his knee, Dkt. 37-3; Dkt. 37-4; Dkt. 37-5, but none of

3

these complaints alleged that Hannula refused to excuse plaintiff from work. Plaintiff argues in his opposition brief that he exhausted his administrative remedies by "making [his] medical restriction known to prison staff, timely reporting [his] knee injury after symptoms of pain appeared to the proper prison authorities and requesting medical attention." Dkt. 39 at 1. He also submits several pages from his medical records. But Terrell's arguments and his medical records show only that Terrell reported his injury and medical restrictions to staff through health service requests or inmate complaints about inadequate medical care. The records do not show that Terrell filed an inmate complaint regarding Hannula's failure to excuse him from work. Therefore, I will dismiss that claim for Terrell's failure to exhaust his administrative remedies.

**B. Terrell's motion to amend his complaint**

Terrell filed a motion to add claims to his complaint against two new defendants associated with UW Hospital: Dr. Dan Wolbrink and Dr. Baer. Dkt. 40. He alleges that on December 23, 2015, Dr. Dan Wolbrink intentionally injected a higher dose of corticosteroid into Terrell's knee than had been ordered. The higher dose caused Terrell's knee cartilage to deteriorate and led to the removal of Terrell's knee cap. He also alleges that on May 9, 2016, Dr. Baer was responsible for approving the surgery to remove Terrell's kneecap. I will permit Terrell to proceed against Dr. Wolbrink and Dr. Baer on claims under the Eighth Amendment and Fourteenth Amendment for the same reasons I permitted Terrell to proceed against the other UW doctors involved in treating Terrell's knee problem. Terrell's allegations suggest that these doctors gave him treatment that he did not want and that their treatment was so far outside the scope of accepted medical practice that their decision was not truly based in professional medical judgment. *See Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261–62 (7th

Cir. 1996) (applying Eighth Amendment); *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 262 (1990) (applying Fourteenth Amendment).

**C. Terrell's motion requesting assistance in obtaining medical records**

Terrel has filed a motion requesting assistance in obtaining his medical records from UW Hospital, stating that the hospital told him that he needed an order from a judge directing it to release his records. Dkt. 41. I will interpret Terrell's request as a motion for the issuance of a subpoena and will grant the motion. But Terrell should be aware that he will be responsible for arranging service of the subpoena as stated in Rule 45(b) of the Federal Rules of Civil Procedure. Terrell may find it easier to call or write a letter to UW Hospital asking whether it has a medical authorization form that he could complete that would permit the hospital to release his medical records to him.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by defendants Paul Lynch, Chause, Joan Hannula, Dkt. 35, is GRANTED. Plaintiff Michael Terrell's claims against Lynch, Chause, and Hannula are DISMISSED without prejudice for Terrell's failure to exhaust his administrative remedies.

2. Plaintiff Michael Terrell's motion to amend his complaint to add claims against Dr. Baer and Dr. Wolbrink, Dkt. 40, is GRANTED. Plaintiff is GRANTED leave to proceed on Eighth Amendment and Fourteenth Amendment claims against Baer and Wolbrink as set forth above.

3. The Department of Justice may have 21 days to inform plaintiff and the court whether it accepts service on behalf of defendants Baer and Wolbrink.

4. Plaintiff's motion for court assistance in obtaining medical records, Dkt. 41, is GRANTED. The clerk of court is directed to issue a subpoena form to Terrell as state in Rule 45(a)(3) of the Federal Rules of Civil Procedure. Terrell will be responsible for arranging service of the subpoena on UW Hospital.

Entered October 31, 2019.

>BY THE COURT:
>
>/s/
>_____
>JAMES D. PETERSON
>District Judge