IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL D. TERRELL,

                Plaintiff,

    v.

LON BECHER, SCOTT R. BASSUENER,
ANDREW B. ROSS, JOSEPH R. DEMARTINI,
DR. DAN WOLBRINK, and DR. GEOFFREY BAER,

                Defendants.

OPINION and ORDER

18-cv-130-jdp

---

Pro se plaintiff and former prisoner Michael Terrell alleges that while he was incarcerated at the Stanley Correctional Institution, he received inadequate medical care that ultimately resulted in his kneecap being surgically removed without his consent. He is proceeding on claims under the Eighth Amendment, Fourteenth Amendment, and Wisconsin law.

On October 31, 2019, I dismissed Terrell's claims against three defendants—Paul Lynch, Robert Chause, and Joan Hannula—because Terrell failed to exhaust his administrative remedies for his claims against them. Dkt. 51. On November 20, I denied Terrell's motion for reconsideration of that order. Dkt. 59. Now Terrell has filed five additional motions for reconsideration of the dismissal of Lynch, Chause, and Hannula. Dkts. 64–68. Terrell alleges in his motions that Lynch, Chause, and Hannula disregarded his serious medical needs and that he attempted to exhaust his administrative remedies. But he has failed to submit any new evidence showing that he exhausted his administrative remedies. His evidence and arguments confirm that he submitted inmate complaints that were properly rejected as untimely or that raised issues that are different from those on which he was proceeding against Lynch, Chause, and Hannula. Therefore, I will deny Terrell's motions for reconsideration. Terrell should refrain from filing

additional motions regarding the dismissed claims and defendants, and he should instead focus his efforts on the claims and defendants remaining in the case.

Terrell also filed a motion for assistance in recruiting counsel. Dkt. 62. He alleges that he needs assistance because his physical limitations make it difficult for him to litigate this case on his own. A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Because Terrell is proceeding in forma pauperis under 28 U.S.C. § 1915, he has met that requirement.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Terrell has satisfied this requirement by submitting letters from three lawyers who have declined to represent him in this case. Dkt. 62-1.

Third, Terrell must show that his is one of the relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 654–55. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff" but instead whether the pro se litigant can "coherently present [his case] to the judge or jury himself." *Id.* at 655. Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case whether the particular plaintiff should benefit from the limited resources of lawyers willing to represent pro se litigants at the court's requests. *See McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

Terrell says that he needs a lawyer because his physical limitations make it difficult for him to litigate this case on his own. He is also worried that defendants' counsel will attempt to take advantage of him. But it is simply too early to decide whether these are adequate grounds for seeking counsel in this case. Terrell identifies no specific ways in which his physical condition has interfered with his ability to litigate this case. He also has not shown that defendants' counsel has treated him in an unprofessional or unethical manner. Terrell's complaint and other filings have been clear and easy to follow. His submissions to date suggest that he is intelligent, understands the law, and is capable of explaining his version of events and making legal arguments. In light of Terrell's demonstrated abilities, I am not persuaded that he requires the assistance of counsel at this time. Therefore, I am denying his motion for court assistance in recruiting counsel.

ORDER

IT IS ORDERED that:

1. Plaintiff Michael Terrell's motions for reconsideration, Dkts. 64–68, are DENIED.
2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 62, is DENIED.

Entered January 7, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge